UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 23-CR-10127-LTS |
| ) | |
| ZACHARY MARSHALL, ) | |
| Defendant.   ) | |

## UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America, by its attorney, Joshua S. Levy, Acting United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C § 981(a)(1)(C) & 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure.  A proposed Preliminary Order of Forfeiture is submitted herewith.   In support thereof, the United States sets forth the following:

1.  On May 3, 2023, a federal grand jury sitting in the District of Massachusetts returned a thirteen-count Indictment charging Zachary Marshall (the "Defendant") with Conspiracy to Transport Stolen Goods Valued Over $5,000 in Interstate or Foreign Commerce, in violation of 18 U.S.C. § 371 (Count One) and Interstate Transportation of Stolen Goods; Aiding and Abetting, in violation of 18 U.S.C. §§ 2314 and 2 (Count Five).[1]

2.  The Indictment also included a forfeiture allegation, pursuant to 18 U.S.C § 981(a)(1)(C) & 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of any offense alleged in Count One or Count Five of the Indictment, of any property, real or personal, that consititues, or is derived from,

---

[1] Defendant was not charged in Counts Two through Four or Counts Six through Ten of the Indictment.

proceeds traceable to the commission of the offense.

3. The Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets described in Paragraph 2 above, pursuant to 21 U.S.C. § 853, as incoporated by 28 U.S.C. § 2461(c).

4. On October 27, 2023, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Five of the Indictment, pursuant to a written plea agreement that he signed on October 27, 2023.  *See* Docket No. 134.  In Section 6 of the plea agreement, the Defendant admitted that $1,467 in United States currency (hereinafter, the "Currency"), seized from Defendant on April 12, 2023, in Thorndike, MA is subject to forfeiture because it constitutes, or is derived from, proceeds of Defendant's offense, was used to facilitate Defendant's offense, and/or was involved in Defendant's offense charged in Counts One and Five of the Indictment.  *Id.* at 4-5.

5. In light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Currency and the offenses to which the Defendant pled guilty.  Accordingly, the Currency is subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(C) & 28 U.S.C. § 2461(c).

6. Pursuant to 18 U.S.C § 981(a)(1)(C) & 28 U.S.C. § 2461(c) and Rule 32.2(b)(2) of

the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Currency.

7.      Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 18 U.S.C § 981(a)(1)(C) & 28 U.S.C. § 2461(c) and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Currency, and notice that any person, other than the Defendant, having or claiming a legal interest in the Currency must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

8.      This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Currency, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Currency and any additional facts supporting the petitioner's claim and the relief sought.

9.      The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Currency that is the subject of the Preliminary Order of Forfeiture as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States requests that this Court:

(a)     enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b)     include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence;

(c)     retain jurisdiction for the purpose of enforcing the forfeiture; and

(d)     incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney,

By:   /s/  *Alexandra W. Amrhein*
ALEXANDRA W. AMRHEIN
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
alexandra.amrhein@usdoj.gov

Dated: April 2, 2024